**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD NUWINTORE, | Case No.: 1:13-cv-00967 - AWI - JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT MANAGEMENT & TRAINING CORPORATION'S MOTION TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | (Doc. 28) |

Defendant Management & Training Corporation ("MTC") seeks to strike the request for punitive damages made by Plaintiff Richard Nuwintore ("Plaintiff") in his First Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  (Doc. 28.)  Plaintiff opposes the motion to strike, arguing he "sufficiently plead his prayer for punitive damages."  (Doc. 31.)

The matter was referred for the entry of Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.  (Docs. 41, 42.)  Because Plaintiff fails to plead facts sufficient to support a claim for punitive damages, the Court recommends MTC's motion be **GRANTED**.

**I.      Factual and Procedural History**

Plaintiff initiated this action by filing a complaint against MTC and the United States of America ("the Government") on June 25, 2013. (Doc. 1.)  Plaintiff alleges the defendants operated Taft Correctional Institution, and their "officers, agents and/or employees negligently and recklessly exposed… Plaintiff to the potentially deadly disease known as Coccidioidomycosis," commonly

1

referred to as Valley Fever.  (*Id.* at 2, ¶¶ 2-3.)  Valley Fever "is contracted by the inhalation of an airborne fungus . . . endemic in the soil of various areas of the Southwest."  (*Id.* at 4, ¶ 10.)  Plaintiff alleges that he was sentenced to serve 14 months in federal prison on July 5, 2011, and was assigned to Taft Correctional Institution on or about August 4, 2011. (*Id.* at 11, ¶ 34.)  According to Plaintiff, prior to incarceration, he "had not previously been exposed to the disease Coccidioidomycosis."  (*Id.*)

Plaintiff asserts that the defendants "were on notice of the risk of harm from cocci and failed to take actions to protect Plaintiff from that harm."  (Doc. 1 at 6, ¶ 16.)  He alleges "the defendants failed to take any particular measures to protect the inmates at Taft from inhaling the naturally occurring airborne dust generated by the desert winds and nearby agricultural activities."  (*Id.* at 11, ¶ 36.)  Specifically, Plaintiff alleges:

> Plaintiff was not provided any special protective breathing masks or other devices, and to his knowledge there was no special air conditioning equipment employed by the facility to filter out the dust occurring in the local environment.  Nor was there any prohibition of outdoor activities during dusty conditions. Nor was anything done to keep the dust that forms that basis of the facility covered with grass or shrubs. Nor was that dust ever watered down or oiled down. Nor were inmates kept inside during windy conditions. As a result of these errors, Plaintiff contracted Cocci.

(*Id.* at 11, ¶ 36.)  Based upon these facts, Plaintiff asserted the defendants were liable for negligence, and that the Government violated 18 USC Section 4042(a).  (*Id.* at 13-17.)

Plaintiff filed his First Amended Complaint ("FAC") on November 26, 2013.  (Doc. 23.)  In addition to the facts alleged previously, Plaintiff alleges an epidemic of Valley Fever at Taft CI and its surrounding areas occurred in 2003, after which the Bureau of Prisons "contacted the Center for Disease Control ("CDC") to develop and implement a plan related to the cocci-outbreak at Taft CI." (Doc. 23 at 7-8, ¶¶ 25-26.)  Plaintiff asserts that the CDC and the BOP "eventually developed a policy to address the cocci outbreak at Taft CI…", which "only protected infected-inmates and a small portion of non-infected inmates (those who suffered from other medical conditions that compromised their immune systems)."  (*Id.* at 8-9, ¶ 28.)  He asserts the defendants are liable for negligently failing to house him in a safe and habitable prison.  (*Id.* at 17, 19).  In addition, Plaintiff alleges the Government is liable for a breach of duty of care under 18 USC Section 4042(a), and that MTC is liable for negligent "failure to operate and maintain [the] prison facility in safe and habitable condition" (*Id.* at 18, 20, emphasis omitted.)  In his prayer for relief, Plaintiff included a request for an award of punitive

1   damages from MTC.  (*Id.* at 23.)

2       Defendant MTC filed the motion to strike now before the Court on December 10, 2014, seeking

3   to strike the request for punitive damages.  (Doc. 28.)  MTC argues Plaintiff "fails to establish that

4   punitive damages are proper."  (*Id.* at 3.)  According to MTC, "the First Amended Complaint sets forth

5   no facts in support of Nuwintore's conclusory allegation of intentional conduct on the part of defendant

6   MTC, and sets forth no facts in support of Nuwintore's conclusory allegations of fraud and malice."

7   (*Id.* at 4.)  Accordingly, MTC contends the claim for punitive damages should be stricken from the First

8   Amended Complaint.  (*Id.* at 5.)

9   **II.      Rule 12(f) Motion to Strike**

10      Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a district court "may strike from

11  a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."[1]  Fed. R. Civ. P. 12(f).

12  The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from

13  litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins*

14  *Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  As a general rule, Rule 12(f) motions are disfavored.  *Abney v.*

15  *Alameida*, 334 F. Supp. 2d 1221, 1234 (S.D. Cal. 2004) (citing *Cairns v. Franklin Mint Co.*, 24 F.

16  Supp. 2d 1013, 1037 (C.D. Cal. 1998)).

17      According to MTC, "[Plaintiff's] request for punitive damages should be stricken, as his

18  complaint fails to establish that punitive damages are proper."  (Doc. 28 at 3.)  However, the Ninth

19  Circuit has opined a Rule 12(f) motion is not the proper method by which to strike a claim for punitive

20  damages.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).  In *Whittlestone*,

21  the district court struck the plaintiff's claims for lost profits and consequential damages, and the Ninth

22  Circuit examined "whether Rule 12(f) authorizes the district court to strike such matter at all."  *Id.* at

23  973.  Finding Rule 12(f) did not empower the court to strike the claims for damages, the Ninth Circuit

24  explained:

25      Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to

26

27      ---

        [1] An immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded," while an "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07, 711 (1990)).

28

> dismiss some or all of a pleading ... we would be creating redundancies within the
> Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for
> summary judgment at a later stage in the proceedings) already serves such a purpose ...
> We therefore hold that Rule 12(f) does not authorize district courts to strike claims for
> damages on the ground that such claims are precluded as a matter of law.

*Id.* at 974-75.  Further, the Court observed the plaintiff's claims for damages were not encompassed within the categories of matters that may be stricken pursuant to Rule 12(f), and could not be considered immaterial "because whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief." *Id.* at 974.

Here, the claim for punitive damages relates to Plaintiff's claims for negligence.  While MTC seeks to have the Court find Plaintiff is precluded from pursuing punitive damages based upon the allegations presented in his complaint, the Court lacks the authority to do so under Rule 12(f).  *See Whittlestone*, 618 F.3d at 974-75.  However, the Court may convert the Rule 12(f) motion to a Rule 12(b)(6) motion to dismiss.  *See Consumer Solutions Reo, LLC v. Hillery*, 658 F.Supp.2d 1002, 1021 ("where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion to strike, the Court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion"); *Cooper v. Cate*, 2011 U.S. Dist. LEXIS 134768, at *39, n. 20 (E.D. Cal. Nov. 15, 2011) (viewing the defendant's Rule 12(f) motion to strike a prayer for punitive damages as a Rule 12(b)(6) motion).  Because MTC argues the factual allegations are insufficient to demonstrate Plaintiff is able to pursue punitive damages and MTC's challenge to the sufficiency of the pleadings is properly raised under Rule 12(b)(6), MTC's Rule 12(f) motion to strike is hereby converted to a motion to dismiss the claim for punitive damages under Rule 12(b)(6).

**III.    Rule 12(b)(6) Motion to Dismiss**

**A.    Legal Standards**

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

4

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations, quotation marks omitted). Further, allegations of a complaint must be accepted as true when the Court considers a motion to dismiss.  *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

A court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to officer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  However, the Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  Leave to amend should not be granted if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

### B.    Discussion and Analysis

MTC argues that Plaintiff fails to establish punitive damages under California law, which provides that "punitive damages are available to a plaintiff who proves by clear and convincing evidence that the defendant is guilty of oppression, fraud, or malice." (Doc. 28 at 3) (citing Cal. Civ. Code § 3294(a)).  MTC observes:

> The defendant must act with the intent to vex, injure or annoy, or with a conscious disregard of the plaintiff's rights. *Silberg v. California Life Ins. Co.* 11 Cal.3d 452, 462 (1974). Generally, mere or even gross negligence will not support an award of punitive damages. *Simmons v. Southern Pac. Transportation Co.*, 62 Cal.App.3d 341, 368 (1976).

(Doc. 28 at 3.)  In addition, MTC notes that California law defines malice as conduct "intended by the

defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." (*Id.*) (citing Cal. Civ. Code § 3294(c)(1)). MTC argues that Plaintiff's "bare assertion of allegedly negligent conduct (such as a failure to warn or to implement more preventative measures)… is insufficient to support a request for punitive damages. (*Id.* at 3-4.) Arguing Plaintiff fails to provide specific factual allegations showing MTC's actions were done with conscious disregard to [Plaintiff's] rights or with malice or fraud, MTC concludes the punitive damages claim should be stricken. (*Id.* at 4.)

On the other hand, Plaintiff argues that "pursuant to Federal Rule of Civil Procedure, Rule 8(a), in requesting punitive damages, [he] is only required to include a short and plain prayer." (Doc. 31 at 2.) Plaintiff argues "a short and plain statement of the grounds for relief and a demand for judgment is sufficient to allege punitive damages in federal court pursuant to Fed. Rule of Civ. Pro., Rule 8(a)." (Doc. 31 at 3) (citing *Clark v. State Farm Mutual Automobile Ins. Co.*, 231 F.R.D. 405, 406-07 (C.D. Cal. 2005)). According to Plaintiff,

> In his FAC, plaintiff alleges, among other things, that MTC was aware of the substantial risk of plaintiff being infected with the dreadful cocci disease but took no action despite the availability of preventative measures. *See*, FAC, at ¶¶ 20-22, 44, 51.
> In addition, plaintiff is from East Africa and it was known to MTC that African Americans are at a substantially higher risk of acquiring the most deadly form of the disease. *See*, FAC, at ¶¶ 46-47.
> Plaintiff further alleges that MTC's negligent conduct was "willful and wanton and in reckless disregard of Plaintiff's health and safety, justifying the award of punitive and exemplary damages in an amount to be proven at trial." *See*, FAC, at ¶¶ 72, 76.

(*Id.* at 3-4.) Based upon these allegations, Plaintiff concludes that he "sufficiently plead his prayer for punitive damages." (*Id.*)

Significantly, the Court does not apply California law to determine whether Plaintiff has adequately pleads a claim for punitive damages. Although the Court must apply the state's substantive law, the Federal Rules of Civil Procedure govern pleading standards. *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996); *Neveau v. City of Fresno*, 392 F.Supp.2d 1159, 1183-84 (E.D. Cal. 2005); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Consequently, this Court explained previously: "Section 3294 sets the substantive requirements that must be met in order to obtain punitive damages, but Federal Rules of Civil Procedure 8 and 9 set[] the pleading standards that must be met in federal court." *Coppola v. Smith*, 2013 U.S. Dist. LEXIS 161281 at *32, 2013 WL 6000566 at *9 (E.D. Cal.

Nov. 12, 2013) (citing *Neveau*, 392 F.Supp.2d at 1183-84; *Clark v. Allstate Ins. Co.*, 106 F.Supp.2d 1016, 1018-19 (S.D. Cal. 2000))."  Accordingly, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," Fed. R. Civ. P. 9(b), but a request for punitive damages must nevertheless satisfy the standards articulated by Rule 8, *Iqbal* and *Twombly*.  *See Mayfield v. NASCAR*, 674 F.3d 369, 377 (4th Cir. 2012) ("Rule 9(b) ensures there is no heightened pleading standard for malice, but malice must still be alleged in accordance with Rule 8 – a 'plausible' claim for relief must be articulated.")

In this case, taking the facts alleged as true, Plaintiff fails to plead facts sufficient to support a claim that MTC acted with malice or is guilty of oppression or fraud.  Although Plaintiff argues here that he "alleges… MTC was aware of the substantial risk of plaintiff being infected with the dreadful cocci disease," he has not done so.  According to Plaintiff, after a Valley Fever epidemic in 2003, the BOP contacted the CDC, but GEO—the third-party operator of Taft CI at that time—"was not notified." (Doc. 23 at 8. ¶ 26.)  Further, Plaintiff alleges, "In January 2004, the BOP issued a system-wide 'Risk Management Alert' for all BOP Health Services Staff stating, 'Valley Fever is another name for the sometimes deadly infection coccidioidomycosis', recommending, '[p]ersons at risk for valley fever should avoid exposure to dust and dry soil in areas where valley fever is common.'"  (*Id.*, ¶ 27.)  However, Plaintiff does not allege that MTC or its employees received this alert.  Also, Plaintiff refers also to several actions filed against the Government beginning in June 2002, arguing that the actions "put the defendants in this action on notice of the likelihood of exposure to cocci infection that was imposed on inmates at Taft, C.I."  (Doc. 23 at 11-13, ¶¶ 40-44.)  Because MTC was not a party to those actions, it is not clear how MTC was placed on notice, as Plaintiff alleges.

Regardless, even if MTC employees were aware of Valley Fever being endemic to the region, Plaintiff has not alleged facts that MTC acted with a reckless disregard to this health.  Although Plaintiff alleges now that he "is from East Africa," and "it was known to MTC that African Americans are at a substantially higher risk of acquiring the most deadly form of the disease" (Doc. 31 at 4), these facts are not alleged in the FAC.  To the contrary, as MTC observes, the FAC lacks any information regarding Plaintiff's ethnicity.  Moreover, there are no facts to establish that MTC employees were aware that "[e]pidemiological studies have established that individuals of certain races are at a higher

risk for developing the disseminated form of Coccidioidomycosis, particularly African-Americans and Filipions." (Doc. 23 at 13, ¶ 46.)  Consequently, Plaintiff fails to allege facts supporting his claim that MTC acted in a manner such that punitive damages may be awarded under Cal. Civ. Code § 3294(a).

## IV.     Findings and Recommendations

Plaintiff has not alleged facts sufficient to support a determination that MTC acted with oppression, fraud, or malice such that punitive damages may be recovered under California law.  The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Iqbal*, 556 U.S. at 677 (internal quotation marks and citations omitted).  Because conclusory allegations do not support a claim, *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), Plaintiff failed to carry his burden to state facts supporting his claim that MTC's conduct was "willful and wanton and in reckless disregard of Plaintiff's health and safety."  However, because it is not clear the deficiencies of the First Amended Complaint could not be cured, the Court recommends leave to amend be granted. *See Livid Holdings Ltd*., 416 F.3d at 946.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1.     MTC's motion to strike, as converted to a Rule 12(b)(6) motion, be **GRANTED**;

2.     Plaintiff's prayer for relief for punitive damages be **STRICKEN**; and

3.     Plaintiff be given leave to amend his complaint within 14 days of the order adopting these Findings and Recommendations.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response thereto shall be filed within 14 days after service of the Objections.

The parties are advised that failure to file objections within the specified time may waive the

right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 28, 2014**            **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE