UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD NUWINTORE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants.<br>_____ | Case No.: 1:13-cv-00967 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT MANAGEMENT & TRAINING CORPORATION'S MOTION TO DISMISS<br><br>(Doc. 27) |

    Defendant Management & Training Corporation ("MTC") seeks to dismissal of the Fourth and Fifth Causes of action for premises liability and negligence made by Plaintiff Richard Nuwintore ("Plaintiff") in his First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 27.) Plaintiff opposes the motion to strike, arguing the factual allegations are sufficient to state a claim. (Doc. 32.)

    The matter was referred for the entry of Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. (Docs. 41, 42.) Because the facts alleged in the First Amended Complaint are sufficient to support Plaintiff's claims for premises liability and negligence, the Court recommends MTC's motion be **DENIED**.

### I.    Factual and Procedural History

    Plaintiff initiated this action by filing a complaint against MTC and the United States of America ("the Government") on June 25, 2013. (Doc. 1.) Plaintiff alleges the defendants operated Taft

Correctional Institution, and their "officers, agents and/or employees negligently and recklessly exposed… Plaintiff to the potentially deadly disease known as Coccidioidomycosis," commonly referred to as Valley Fever. (*Id.* at 2, ¶¶ 2-3.) Valley Fever "is contracted by the inhalation of an airborne fungus . . . endemic in the soil of various areas of the Southwest." (*Id.* at 4, ¶ 10.)

Plaintiff alleges that he was sentenced to serve 14 months in federal prison on July 5, 2011, and was assigned to Taft Correctional Institution on or about August 4, 2011. (*Id.* at 11, ¶ 34.) According to Plaintiff, prior to incarceration, he "had not previously been exposed to the disease Coccidioidomycosis." (*Id.*) Plaintiff asserts that for years before his placement there, MTC was "on notice of the risk of harm from cocci and failed to take actions to protect Plaintiff from that harm." (Doc. 1 at 6, ¶ 16.) He alleges "the defendants failed to take any particular measures to protect the inmates at Taft from inhaling the naturally occurring airborne dust generated by the desert winds and nearby agricultural activities." (*Id.* at 11, ¶ 36.) Based upon these facts, Plaintiff asserted the defendants were liable for negligence, and that the Government violated 18 USC Section 4042(a). (*Id.* at 13-17.)

Plaintiff filed his First Amended Complaint ("FAC") on November 26, 2013. (Doc. 23.) In addition to the facts alleged previously, Plaintiff alleges an epidemic of Valley Fever at Taft CI and its surrounding areas occurred in 2003, after which the Bureau of Prisons ("BOP") "contacted the Center for Disease Control ("CDC") to develop and implement a plan related to the cocci-outbreak at Taft CI." (Doc. 23 at 7-8, ¶¶ 25-26.) Plaintiff asserts that the CDC and the BOP "eventually developed a policy to address the cocci outbreak at Taft CI…", which "only protected infected-inmates and a small portion of non-infected inmates (those who suffered from other medical conditions that compromised their immune systems)." (*Id.* at 8-9, ¶ 28.)

The complaint sets forth that the Government contracted with MTC to operate TCI though the Government retained control of implementing policies developed to address "the Valley Fever epidemic." (Doc. 23 at 9) Though MTC could develop policies, they had to be approved by the Government before they could be implemented. (*Id.*) Likewise, Plaintiff alleges that any structural changes to the physical plant had to be approved by "the CO" and that the Government could construct additional building on the site and expand the capacity of the facility. (*Id.*)

As in his original complaint, in his amended complaint, Plaintiff identifies specific failures at TCI that he contends caused him to contract Valley Fever:

> While the Plaintiff was incarcerated at Taft C.I., the defendants failed to take any particular measures to protect the inmates at Taft from inhaling the naturally occurring airborne dust generated by the desert winds and nearby agricultural activities. Plaintiff was not provided any special protective breathing masks or other devices, and to his knowledge there was no special air conditioning equipment employed by the facility to filter out the dust occurring in the local environment. Nor was there any prohibition of outdoor activities during dusty conditions. Nor was anything done to keep the dust that forms that basis of the facility covered with grass or shrubs. Nor was that dust ever watered down or oiled down. Nor were inmates kept inside during windy conditions. Nor were any structural changes implemented (and none had been implemented) to reduce the exposure of plaintiff to the cocci spores. As a result of these errors, Plaintiff contracted disseminated cocci.

(*Id.* at 15, ¶ 51.) On this basis, Plaintiff asserts MTC is liable for negligently failing to house him in a safe and habitable prison and by failing to "implement preventative measures that could have protected Plaintiff from the infection Plaintiff carries today." (*Id.* at 19, 20).

## II.    Legal Standards

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations, quotation marks omitted). Further, allegations of a complaint must be accepted as true when the Court considers a motion to dismiss. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

A court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to officer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, the Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). Leave to amend should not be granted if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

### III.     Discussion and Analysis

Defendant MTC filed the motion to dismiss now pending before the Court on December 10, 2013. (Doc. 27.) MTC argues "Plaintiff fails to state a premises liability claim for failure to provide habitable housing" and "fails to state a claim for general negligence." (*Id.* at 5, 8, emphasis omitted.) Accordingly, MTC argues the Fourth and Fifth Causes of Action should be dismissed from the First Amended Compliant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**A.     Fourth Cause of Action:  General Negligence**

In general, to state a cognizable claim for negligence under California law, Plaintiff "must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003) (citing *Martinez v. Pacific Bell*, 225 Cal. App. 3d 1557, 275 Cal.Rptr. 878, 883 (1990)). Here, MTC argues Plaintiff's facts are insufficient to demonstrate MTC had a duty that it failed to fulfill, and therefore Plaintiff has failed to state a prima facie case for negligence. (Doc. 27 at 8.)

As a preliminary matter, MTC argues that courts have determined that placement at a prison within the endemic area "does not present an excessive risk to inmate health." (Doc. 27 at 6) While true, the cases cited by MTC all determined that mere confinement at such a prison, without evidence prison officials acted with deliberate indifference or had a causal connection to the inmate being infected by the disease, failed to state an Eighth Amendment claim. *Fernandez v. McGuiness*, 2011

4

WL 1342994, at *1-2 (E.D. Cal. April 7, 2011); *Gray v. Robinson*, 2011 WL 489035, at *7 (E.D. Cal. Feb. 7, 2011,); *Cooper v. Yates*, 2011 WL 489091, at *3 (E.D. Cal. Feb. 7, 2011).   Here, Plaintiff does not rest only on his allegation that placement at TCI posed an undue risk, he alleges that MTC acted negligently by failing to take measures to prevent the Valley Fever spores from infecting him.  Thus, the cases cited by MTC are not dispositive here.

MTC asserts also that Plaintiff's claim for negligence fails because "Plaintiff cannot establish that MTC breached a duty based on his placement at Taft"[1] and MTC "was not responsible for implementing any structural changes, including the ones Nuwintore believed were necessary, based upon its contractual relationship with USA." (*Id.* at 8-9.)  Further, MTC argues Plaintiff fails to allege causation because his "argument that the failure to implement preventative measures generally or warn him about Coccidioidomycosis caused him to contract Coccidioidomycosis is conclusory." (*Id.* at 9.)

Under California law, "[t]o prevail in an action for negligence, the plaintiff must show that the defendant owed a duty to the plaintiff." *John B. v. Superior Court*, 38 Cal. 4th 1177, 1188 (2006). "Fundamentally, a defendant owes a legal duty of care to persons who are foreseeably endangered by the defendant's conduct, but a defendant has no duty to control the conduct of another or to warn others endangered by another's conduct." *Jacoves v. United Merchandising Corp.*, 9 Cal. App. 4th 88, 114 (1992).  Accordingly, the California Supreme Court has determined "that one's general duty to exercise due care includes the duty not to place another person in a situation in which the other person is exposed to an unreasonable risk of harm through the reasonably foreseeable conduct." *Lugtu v. Cal. Highway Patrol*, 26 Cal. 4th 703, 715 (2001).

Here, Plaintiff alleges MTC knew of the risk of Valley Fever but failed to take preventative measures "such as paving over earth-covered areas, covering up open-air passageways, or providing enclosed passageways," disseminating masks to prisoners, or limiting time outside during dusty conditions to prevent inmates from contracting Valley Fever. (Doc. 23 at 7, 15 19, ¶¶ 23,51, 70.) Further, Plaintiff alleges that the Government "maintained control over all structural changes" but

---

[1] The Court agrees that Plaintiff has failed to state a negligence action against MTC for the decision to place him at TCI. Plaintiff's FAC fails to state facts to support this assertion and, to the contrary, he alleges this determination was made by the BOP. (Doc. 23 at 15 ¶ 49)

5

contracted with MTC "to handle the majority of day-to-day operations." (*Id.* at 8-9 ¶¶ 23, 30). In addition, Plaintiff contends MTC failed to warn Plaintiff regarding the risk of Valley Fever. (*Id.* at 21, ¶ 27.) Thus, Plaintiff has identified duties that MTC owed to him, and that the breach of these duties caused him to contract Valley Fever. (*Id.* at 20, ¶ 72.) As Plaintiff observes, this Court has determined that such factual allegations are sufficient to state a cognizable claim for general negligence:

> The Complaint alleges that, at times relevant, [the defendant] knew or should have known of the risk of Valley Fever at TCI, failed to warn Plaintiff or take measures to reduce the risk and, as a result, Plaintiff contracted Valley Fever and suffered harm therefrom. [Citation] These allegations, taken as true, are sufficient to state a claim for negligence.

*Fekrat v. The GEO Group, Inc.*, Case No. 1:12-cv-01940-AWI-JLT, 2013 U.S. Dist. LEXIS 16251 at *10, 2013 WL 461475 at *4 (E.D. Cal. Feb. 5, 2013). Consequently, the Court recommends MTC's motion to dismiss Plaintiff's Fourth Cause of Action for negligence be **DENIED**.

### B. Fifth Cause of Action: Premises Liability

Plaintiff asserts MTC[2] is liable for failure to operate and maintain TCI in a safe and habitable condition. (Doc. 23 at 20.) Under California law, a plaintiff must also allege a duty, breach, causation, and damages in order to state a claim for premises liability on a negligence theory for one who controls a property. *Ortega v. Kmart Corp.*, 26 Cal.4th 1200, 1205 (2001). In general, "the duty to take affirmative action for the protection of individuals coming onto one's property is grounded in the *possession* of the premises and *the attendant right to control and manage the premises*." *Alcaraz v. Vece*, 14 Cal. 4th 1149, 1187 (1997) (citation omitted, emphasis in original). Control requires, at a minimum, the "permission to maintain" or "keep [property] in repair." *Marshall v. United Airlines*, 35 Cal. App. 3d 84, 89 (1973).

Here, as discussed above, Plaintiff alleges MTC had a contract with the Government "to handle the majority of day-to-day operations" of TCI. (Doc. 23 at 9 ¶ 30.) Thus, MTC had sufficient control over TCI such that Plaintiff may assert a premises liability claim against MTC. Because Plaintiff has

---

[2] MTC makes the argument that it cannot be held liable for conditions of surrounding property, i.e., spores blowing onto the TCI grounds from other property owners. This argument has significant facial appeal. However, Plaintiff alleges he was injured while on TCI's property via the spores which were found on the ground and in the air at TCI and there is no allegation he was infected while on adjacent property. (Doc. 23 at 6, 7 ¶¶ 17, 23) Thus, the Court need not address this argument further at this time.

alleged MTC held a duty to maintain TCI in a safe and habitable manner and warn him of the risk of Valley Fever, and its breach of the duties caused him to be infected with Valley Fever, Plaintiff's factual allegations are sufficient to state a claim for premises liability. *See Fekrat*, 2013 U.S. Dist. LEXIS 16251 at *11, 2013 WL 461475 at *4 (explaining premises liability arises "where an owner, occupant, or lessor of premises, under a duty to exercise ordinary care in the use, maintenance, or management of the premises to avoid exposing others to an unreasonable risk of harm, fails to fulfill[l] this duty," and the plaintiff's general negligence allegations were "also… sufficient to state a claim for premises liability"). Therefore, the Court recommends MTC's motion to dismiss Plaintiff's Fifth Cause of Action for products liability be **DENIED**.

**IV.     Findings and Recommendations**

Plaintiff has carried his burden to state sufficient facts, taken as true, supporting claims for negligence and premises liability against MTC. *See Iqbal*, 556 U.S. at 678. Accordingly, based upon the foregoing, **IT IS HEREBY RECOMMENDED** that MTC's motion to dismiss be **DENIED**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response thereto shall be filed within 7 days after service of the Objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **March 14, 2014**                    **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE