**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD NUWINTORE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA and MANAGEMENT & TRAINING CORPORATION,<br><br>    Defendants. | Case No.: 1:13-cv-00967 - AWI - JLT<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS GRANTING THE MOTION TO DISMISS BROUGHT BY THE UNITED STATES OF AMERICA<br><br>(Docs. 30, 47) |

    Defendant United States of America ("the Government") seeks dismissal of claims brought by Plaintiff Richard Nuwintore ("Plaintiff") against the Government. (Doc. 30.) On March 18, 2014, the Magistrate Judge found the Court lacks subject matter jurisdiction because no cause of action under the Federal Tort Claims Act exists under 18 U.S.C. § 4042. In addition, the Magistrate Judge determined the independent contractor exception to the Federal Tort Claims Act barred Plaintiff's claims for negligence because the Government delegated the duties of inmate orientation, health services, and maintenance—among other responsibilities—to Management & Training Corporation ("MTC"), and retention of some control over Taft Correctional Institution did not rise to the level of controlling or supervising the day-to-day operations. Accordingly, the Magistrate Judge recommended Plaintiff's claims against the Government be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 47.)

Plaintiff filed timely objections to the Magistrate Judge's Findings and Recommendations on March 27, 2014 (Doc. 48). Plaintiff contends the Magistrate Judge erred in finding the Court lacks subject matter jurisdiction, arguing there is a private cause of action under 18 U.S.C § 4042, and the independent contractor exception to the Federal Tort Claims Act does not bar his claims against the United States. (Id. at 2-8.) Further, Plaintiff asserts that "[u]nder California law, the direct allegations against the USA in Plaintiff's First Amended Complaint establish liability that is separate and distinct from that of any independent contractor theory." (Id. at 8.)

Significantly, the Government made a factual challenge against Plaintiff's claims under Fed. R. Civ. P. 12(b)(1). With such a challenge, "[n]o presumptive truthfulness attaches to plaintiff's allegations." Thornhill Pub. Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 734 (1979); see also Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1038 (9th Cir. 2004) ("in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction"). Given the nature of a factual attack, the Court has the authority to "review any evidence, such as affidavits and testimony" presented by the parties. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989).

Although Plaintiff argues that he alleged "the USA negligently or wrongfully failed to provide suitable quarters and provide for the protection, safekeeping, care, and subsistence of Plaintiff by failing to warn Plaintiff about the dangers and risks associated with Valley Fever and failing to make structural changes to Taft CI … and by being negligent in its study, formulation, and implementation of a response to the Valley Fever epidemic at Taft CI" (Doc. 48 at 9), the allegations are insufficient. As the Magistrate Judge found, the Government delegated responsibilities "related to health services and management" of Taft Correctional Institution to MTC. (See Doc. 47 at 9.) Such responsibilities included maintenance, sanitation, health services, health education, and inmate orientation. (Id. at 9-11, citing Straus Decl. ¶¶ 18, 38, 41-43; Harvey Decl. ¶¶ 1, 27-29, 37.) Consequently, the Government retained little control over the facility, and MTC acted as an independent contractor. This conclusions is consistent with this Court's prior determination in Edison v. USA, Case No. 1:12-cv-2026-AWI-JLT, 2013 U.S. Dist. LEXIS 128503 (E.D. Cal. Sept. 9, 2013). Finally, as the Magistrate Judge determined, "standing alone, no cause of action under the FTCA exists under § 4042." (Doc. 47 at 7, citing United

Scottish Ins. Co. v. U.S., 614 F.2d 188, 197 (1979)).

Having carefully reviewed the record, the Court finds the Findings and Recommendations are supported by the record and by proper analysis. Accordingly, **IT IS HEREBY ORDERED**:

1. The Findings and Recommendations filed March 18, 2014 (Doc. 47) are **ADOPTED IN FULL**; and
2. The Government's motion to dismiss (Doc. 30) is **GRANTED**; and
3. Plaintiff's First and Third Causes of Action are **DISMISSED**.

IT IS SO ORDERED.

Dated:   May 23, 2014                                                    _____
                                                                                     SENIOR  DISTRICT  JUDGE