UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD NUWINTORE,** | **CASE NO. 1:13-CV-0967 AWI JLT** |
| Plaintiff | **ORDER GRANTING MOTION FOR ENTRY OF FINAL JUDGMENT AS TO DEFENDANT UNITED STATES OF AMERICA** |
| v. | |
| **UNITED STATES OF AMERICA; MANAGEMENT & TRAINING CORPORATION; and JOHN DOES 1-9,** | **(Document #68)** |
| Defendants, | |

## BACKGROUND

Plaintiff Richard Nuwintore (hereinafter referred to as "Plaintiff") filed his complaint against Defendant United States of America, ("Defendant USA") for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and for breach of duty of care under 18 U.S.C. § 4042(a). The complaint also contains claims against the Geo Group, Inc. ("GEO") and the Management & Training Corporation ("MTC") for negligence. In the complaint, Plaintiff alleges that he has been exposed to "Coccidioidomycosis (commonly known as 'Valley Fever' or 'San Joaquin Valley Fever' or simply as 'cocci'). Plaintiff alleges that there are preventative measures

that can help combat the spread of cocci which are known to the medical community, the United States Bureau of Prisons, and Taft officials. Plaintiff alleges that even though Defendants were on notice of the risk of harm from cocci, they failed to take actions to protect Plaintiff from that harm. The complaint alleges that Plaintiff has developed disseminated cocci. Plaintiff alleges that as a result of the infection Plaintiff's quality of life and enjoyment of life have deteriorated. The complaint alleges that Defendant USA failed to provide Plaintiff with a safe and habitable prison in which to reside, failed to operate and maintain the prison facility in a safe and habitable condition, and breached their duty of care under 18 U.S.C. § 4042(a).

Defendant USA filed a Motion to Dismiss the complaint pursuant to the independent contractor exception to the FTCA. On March 18, 2014, the Magistrate Judge issued Findings and Recommendations that recommended the motion to dismiss be granted. On May 23, the Court adopted the findings and recommendations and dismissed Defendant USA.

On June 6, 2014, Plaintiff filed a Motion for Entry of Final Judgment of the USA's dismissal pursuant to Fed.R.Civ.P. 54(b). On June 14, 2014, USA filed a response to the motion for entry of final judgment as to Defendant USA.

**LEGAL STANDARD**

Federal courts of appeals have jurisdiction over only appeals from "final decisions" of federal district courts. 28 U.S.C. § 1291. "Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291." *Carter v. City of Phila.,* 181 F.3d 339, 343 (3rd Cir. 1999). Rule 54(b) creates an exception to this finality rule. The rule provides that in actions involving multiple parties or more than one claim for relief, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no

just reason for delay." Fed.R.Civ.P. 54(b).[1] "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal*." Curtiss-Wright Corp. v. General Elec. Co*., 446 U.S. 1, 8 (1980); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005).

The Eastern District of California has interpreted Rule 54(b) to require the presence of three conditions: (1) multiple claims or multiple parties; (2) at least one claim or the rights and liabilities of one party have been finally decided; and (3) and there is no just reason for any delay in entering judgment and allowing an appeal. *Estate of Kligge v. Fidelity Mortg. of Cal.*, 2006 WL 3649340, at *1 (E.D. Cal. Dec. 12, 2006).  When determining whether there is a "just reason for delay" a court must "take into account judicial administrative interests as well as the equities involved" and "may consider factors such as 'whether the claims under review were separable from the other remaining to be adjudicated.'" *Curtiss-Wright*, 446 U.S. 446 at 8.  The district court must preserve "the historic federal policy against piecemeal appeals." *Id.*; *Sears, Roebuck*, 351 U.S. at 438; *Wood*, 422 F.3d at 878-79.  There exists "a long-settled and prudential policy against the scattershot disposition of litigation," and "entry of judgment under [Rule 54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." *Spiegel v. Trs. of Tufts Coll.,* 843 F.2d 38, 42 (9th Cir. 1988) (citations omitted).

---

[1] Fed.R.Civ.P. 54(b) provides:
> Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

3

**DISCUSSION**

Plaintiff contends that the Court's Order granting Defendant USA's Motion to Dismiss resolves all claims brought by Plaintiff against Defendant USA. Plaintiff argues that an entry of final judgment at this time can help to avoid future judicial inefficiency by seeking clarification from the Appellate Court regarding the independent contractor exception's confines to the FTCA, sooner rather than later. Plaintiff cites to other cases in which this Court has granted a motion for entry of final judgment, and argues that same rational applies to this action.

Defendant USA does not specifically oppose certification under Rule 54(b). Defendant USA simply cites to another case involving this exact issue in the Central District of California. Defendant USA states that there is no final ruling on the independent contractor issue in that case.

*A. Multiple Claims or Parties* – Rule 54(b) allows the district court to certify at least one but fewer than all claims for final judgment when an action presents more than one claim for relief or when multiple parties are involved. Fed.R.Civ.P. 54(b). In the instant case, Plaintiff filed his original complaint against three individual defendants (USA, GEO, and MTC) alleging multiple different claims (violation of FTCA, breach of duty under federal law, and common law negligence). Here, because both multiple claims and multiple parties are present and because Plaintiff's Motion for Entry of Final Judgment regards only his claims against Defendant USA, the first requisite element under Rule 54(b) is met.

*B. Final Decision* – The Court must next determine whether it is dealing with a final judgment that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S at 7. A judgment is final "if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'" as to that party or claim. *Ariz. State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991) (*quoting Gulfstream Aerospace Corp. v Mayacamos Corp.*, 485 U.S. 271, 275, (1988). Given the Court's adoption of the Finding and Recommendations as set for above, the Motion to Dismiss in favor of

Defendant USA is final. Nothing remains for the Court to do with respect to Plaintiff's claim against Defendant USA except to enter judgment. Thus, there has been a final decision on a separate and distinct legal claim and a separate defendant.

***C. No Just Reason for Delay -*** Having found a final decision on a separate claim and separate defendant, the Court must determine if there is any just reason to delay the entry of judgment. In doing so, **"**[T]he trial court [should] marshal the competing considerations and state the ones considered to be most important [when making a Rule 54(b) certification]. . . ." *Schwartz v. Compagnie General Transatlantique,* 405 F.2d 270, 275 (2nd Cir. 1968).

### *1. Clarification of the Independent Contractor Exception to the FTCA*

In its response, Plaintiff requests the Court note that there are differing opinions among District Courts within the Ninth Circuit as to the application of the independent contractor exception to the FTCA. Different courts that rule differently can result in an ineffective use of judicial resource as cases are remanded for reconsideration consistent with higher court rulings. While there is not yet any final ruling in other district courts on this issue, having this issue clarified on appeal serves to promote judicial efficiency. *See In re Saxman*, 325 F.3d 1168, 1171 (9th Cir. 2003). There are numerous cases before courts in the Eastern District of California --- originating from multiple correctional institutions within the San Joaquin Valley --- that address inmates' exposure to Valley Fever. Those cases involving Taft implicate Defendant USA and question whether the government must bear liability, and conversely, to what extent the independent contractor exception shields liability. At this time the Court finds that the exact legal confines of the independent contractor exception, and how it applies to a privately run prison are evolving and should be explored by the Ninth Circuit at this stage of litigation. This serves the best interests of the Court and parties. A more clarified and comprehensible understanding as to what claims may be asserted against the United States, in this context, would assist this and other district courts.

Accordingly, for reasons stated above, the Court finds that there is no just reason for delay. Thus, the Court finds the third and final requisite element for certification under Rule 54(b) is sufficiently met.

**CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Motion for certification pursuant to Rule 54(b) is GRANTED;

2. The Clerk of the Court is directed to enter final judgment in favor of Defendant USA;

3. Plaintiff may proceed with an appeal of the May 23, 2014 order adopting the Findings and Recommendation;

4. Plaintiff must file any appeal within (30) days of the date of this order;

5. In light of a potential appeal on this matter, this case is temporarily stayed; and

6. All parties shall notify the court within (15) days of an order by the Ninth Circuit Court of Appeals regarding this matter, or Plaintiff's failure to file an appeal.

IT IS SO ORDERED.

Dated:   December 18, 2014                            _____
                                                      SENIOR DISTRICT JUDGE